IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROCKY HERMANNS-RAYMOND, #A6026839,<br><br>           Plaintiff,<br><br>     vs.<br><br>MAUI COMMUNITY CORR. CENTER, JOHN AND JANE DOES 1-6,<br><br>           Defendants.<br>_____ | CIV. NO. 16-00502 LEK/KSC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT AND ACTION PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b) |

### ORDER DISMISSING FIRST AMENDED COMPLAINT AND ACTION PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

Before the court is pro se Plaintiff Rocky Hermanns-Raymond's First Amended Complaint ("FAC") brought pursuant to 42 U.S.C. § 1983. ECF No. 14. Plaintiff names the Maui Community Correctional Center (MCCC), and unidentified MCCC prison officials John and Jane Does 1-6 in their individual capacities, as Defendants.

For the following reasons, the FAC is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Because Plaintiff was given

leave to correct the deficiencies in his claims and is unable to do so, this dismissal is with prejudice.

## I. BACKGROUND

Plaintiff commenced this action on September 12, 2016. Compl., ECF No. 1. On October 14, 2016, the court dismissed Plaintiff's Complaint and supplement for Plaintiff's failure to state a claim, with leave granted to amend. Order, ECF No. 10. The court determined that the Eleventh Amendment barred Plaintiff's claims against the State of Hawaii, and the Director of the Department of Public Safety and MCCC Warden in their official capacities. The court further found that Plaintiff's facts were insufficient to state a claim under the Eighth Amendment for his allegations of (1) overcrowding, and (2) delay of medical care when he was incarcerated at MCCC.[1]

In the FAC, Plaintiff alleges that between March and October 2015, he was housed with three other inmates in a two-man cell at MCCC. Plaintiff says that

---

[1] Plaintiff is now incarcerated at the Kulani Correctional Facility (KCF).

he and his cellmates were confined in their cell "for up to 10 hours," and sometimes longer.  ECF 14, PageID #62.  Plaintiff states that on one occasion he tripped over a mattress on the cell's floor, fell, cut his eye, and required medical care.  Plaintiff acknowledges that the mattress was "open and obvious," but alleges that Defendants are liable for this "foreseeable" obstacle that caused his fall.  *Id.*, PageID #62-63.

Plaintiff provides no details identifying Defendants John and Jane Does 1-6, although he suggests they are MCCC officials with responsibility for making inmate housing assignments.  Plaintiff concludes that Defendants, by housing him in a two-inmate cell with three other inmates, violated his rights under the Eighth Amendment.[2]  Plaintiff seeks damages only.

## II.  **LEGAL STANDARD**

The court must screen all civil actions brought by prisoners challenging prison conditions or seeking redress from a governmental entity, officer, or

---

[2] Plaintiff has omitted his claims alleging the delay or denial of medical care in the FAC.

employee. 28 U.S.C. § 1915A(a). Complaints or claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek relief from a defendant who is immune from suit must be dismissed. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e (c)(1).

A complaint that lacks a cognizable legal theory or alleges insufficient facts under a cognizable legal theory fails to state a claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This does not demand detailed factual allegations, but requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Id.* That is, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Leave to amend should be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Dismissal without leave to amend is appropriate when it is clear that amendment is futile. *Sylvia Landfield Trust v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

### III. DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 556

U.S. 1256 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

Section 1983 also requires a connection between a defendant's actions and a plaintiff's allegations. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

**A.   MCCC is Dismissed**

The FAC lists MCCC as a Defendant.  Claims under § 1983 must be directed at "persons," and neither a jail nor a prison facility is a "person" amenable to suit under § 1983.  *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (finding that California Adult Authority and San Quentin Prison are not "person[s]" subject to suit under § 1983); *cf.*

6

*Brown v. California Dep't. of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) ("The district court correctly held that the California Department of Corrections and the California Board of Prison Terms were entitled to Eleventh Amendment immunity."). MCCC is DISMISSED with prejudice.

**B. Eighth Amendment: Overcrowding**

To establish an Eighth Amendment violation based on jail conditions: (1) the deprivation alleged must be objectively "sufficiently serious," such that a prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities," and (2) the prison official must have had a "sufficiently culpable state of mind," exhibiting "deliberate indifference" to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations and internal quotation marks omitted). The "deliberate indifference" standard requires a plaintiff to show that the prison official "knows that inmates face a substantial risk of serious harm and disregards

that risk by failing to take reasonable measures to abate it." *Id.* at 847.

As explained to Plaintiff in the October 14, 2016 Order, allegations of prison overcrowding alone are insufficient to state a claim under the Eighth Amendment. *See Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 471 (9th Cir. 1989); *see also Rhodes v. Chapman*, 452 U.S. 337, 348-49 (1981) (holding that double-celling of inmates by itself does not inflict unnecessary or wanton pain or constitute grossly disproportionate punishment in violation of Eighth Amendment). To state a cognizable overcrowding claim, an inmate must plausibly allege that the crowding caused an increase in violence, reduced the provision of other constitutionally required services, or reached a level that rendered the institution unfit for human habitation. *See Balla*, 869 F.2d at 471; *Hoptowit v. Ray*, 682 F.2d 1237, 1248-49 (9th Cir. 1982) (noting that overcrowding by itself is not an Eighth Amendment violation, but can lead to specific effects that might

violate the Constitution), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

Plaintiff again fails to allege facts showing that he was subjected to inhumane conditions of confinement due to being housed in an 8' by 11' cell with three other inmates for approximately seven months. Plaintiff does not allege that there was an increase in violence, he was denied any constitutionally required services (such as food, water, sanitation, or exercise), or that conditions in his cell (or at MCCC generally) were unfit for human habitation.  Rather, Plaintiff again simply asserts that housing him in a cell with three other inmates is unconstitutional on its face, because it represents a "natural safety and fire hazard," and it heightened the risk that violence might ensue.  *See* FAC, ECF No. 14, PageID #64 (stating, "it caused a[n] increase in tensions between inmate[s] over personal space that causes more of a likelihood of violence").

The court notified Plaintiff of the applicable legal standard and the deficiencies in this claim in

9

the October 14, 2016 Order.  Despite this guidance, the FAC fails to correct the identified deficiencies in Plaintiff's overcrowding claim.  Based on the allegations in Plaintiff's Complaint, supplement, and FAC, the court is persuaded that Plaintiff is unable to allege any additional facts to support an Eighth Amendment claim based on overcrowding, and that granting further leave to amend is futile.  *See Hartmann v. California Dep't of Corr. and Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."); *Lopez*, 203 F.3d at 1130.

The FAC is DISMISSED without leave to amend and with prejudice for Plaintiff's failure to state a constitutional claim on which relief may be granted.  This dismissal does not prevent Plaintiff from raising his claims in the state court under a theory of negligence.

### IV.   28 U.S.C. § 1915(g)

Plaintiff is notified that this dismissal may count as a "strike" under the "3-strikes" provision of 28

U.S.C. § 1915(g), unless this decision is overturned on appeal. Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## V. CONCLUSION

Plaintiff's First Amended Complaint is DISMISSED with prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Clerk is directed to enter judgment and terminate this action.

IT IS SO ORDERED.

//

//

//

DATED: HONOLULU, HAWAII, November 28, 2016.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Hermanns-Raymond v. Dir. Dep't of Public Safety*, 1:16-cv-00502 LEK/KSC; Scrn 2016
Hermanns-Raymond 16-502 lek (dsm 8A ovrcrwd'g)